UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTA BARNETT,<br><br>Plaintiff,<br><br>v.<br><br>STATE COMPENSATION INSURANCE FUND, *et al.*<br><br>Defendants. | Case No.  2:25-cv-3588-DC-JDP (PS)<br><br><br>ORDER |

Roberta Barnett ("plaintiff") brings this action against the State Compensation Insurance Fund ("fund"), Geoffrey Hancock, an attorney representing the fund during plaintiff's worker's compensation proceedings, Dr. Lawrence Petrakis, a medical evaluator who allegedly offered false medical testimony against plaintiff, and an unknown number of "Doe" defendants who conspired to deny plaintiff her benefits. ECF No. 1 at 5-6.  Plaintiff's claims, as articulated, are not cognizable.  I will dismiss the complaint and give plaintiff an opportunity to remedy the deficiencies identified below.  I will also grant plaintiff's application to proceed *in forma pauperis*.  ECF No. 2.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that defendants violated her rights under Title II of the Americans with Disabilities Act ("ADA") and that they also engaged in a conspiracy under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), which provides a civil cause of action for an individual whose business or property is injured by violations of the act's criminal provisions. *See* 18 U.S.C. § 1964(c). Neither claim is suitable to proceed.

As to her ADA claims, plaintiff has not alleged that any of the named defendants discriminated against her because of her disability. A viable ADA claim must allege that the plaintiff is disabled within the meaning of the ADA, that she is a qualified individual with a

disability, and that she was discriminated against because of her disability. *See Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999). The complaint fails to plead these elements. Instead, the entirety of the complaint's substance is devoted to her RICO allegations. If plaintiff wishes to proceed with an ADA claim, she must explain how these elements are met and how each defendant violated her rights under the ADA.

With respect to her RICO allegations, plaintiff has failed to allege the sort of activities that would support a viable claim. "To state a civil RICO claim, [a plaintiff] must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to [her] 'business or property.'" *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001) (quoting 18 U.S.C. § 1964(c)). "Conduct which does not rise to the level of organized criminal activity will not support a finding of a RICO conspiracy." *Thompson v. City of Bozeman*, CV 18-75-BU-BMM-KLD, 2020 U.S. Dist. LEXIS 88796, *23 (D. Mont. Mar. 3, 2020). Here, plaintiff's allegations, for all their adornment, ultimately allege that state administrative proceedings were procedurally defective, predicated on false evidence, and incorrectly decided. Those allegations are serious, but they do not appear to rise to the level of "organized criminal activity."

I will give plaintiff an opportunity to file an amended complaint that explains why, if at all, her claims should proceed. Any amended complaint will entirely supersede the initial one and must be complete in itself. It should be titled "First Amended Complaint" and be filed within thirty days of this order's entry.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Plaintiff's complaint, contained in ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5.  The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.


Dated:    January 14, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE