UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERTA BARNETT,

Plaintiff,

v.

STATE COMPENSATION INSURANCE FUND, *et al.*

Defendants.

Case No.  2:25-cv-3588-DC-JDP (PS)

FINDINGS AND RECOMMENDATIONS

Roberta Barnett ("plaintiff") brings this action against the State Compensation Insurance Fund ("fund"), Geoffrey Hancock, an attorney representing the fund during plaintiff's worker's compensation proceedings, Dr. Lawrence Petrakis, a medical evaluator who allegedly offered false medical testimony against plaintiff, and an unknown number of "Doe" defendants who conspired to deny plaintiff her benefits.  ECF No. 4 at 7-8.  I dismissed the previous complaint for failure to state a claim, and the current one fares no better.  Accordingly, I now recommend that the complaint be dismissed without leave to amend.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

As before, plaintiff alleges that defendants violated her rights under Title II of the Americans with Disabilities Act ("ADA") and that they also engaged in a conspiracy under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), when they denied her worker's compensation benefits. Neither theory presents a cognizable claim.

A review of the complaint reveals that the foregoing theories of harm are little more than a thinly disguised attempt to relitigate worker's compensation proceedings that were decided adversely to her. She alleges that defendants knowingly presented and relied upon false evidence, ECF No. 4 at 22-24, and misrepresented procedural elements of the proceedings, including falsely

2

stating that she had agreed to "dismiss, limit, or withdraw her claims," *id.* at 24.  Under the *Rooker-Feldman* doctrine, federal district courts are barred from hearing de-facto appeals of final state court decisions.  *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983).  This provision applies to state administrative proceedings.  *See White v. Nguyen*, No. EDCV 16-1784-CAS (JEM), 2017 U.S. Dist. LEXIS 200214, *7-10 (C.D. Cal. Sept. 29, 2017) (finding that plaintiff's attempt to attack validity of orders entered by state medical board was barred by *Rooker-Feldman*); *see also O'Day v. State*, No. 2:24-CV-00347-ACE, 2024 U.S. Dist. LEXIS 231046, *6 (E.D. Wash. Dec. 20, 2024) ("Because Plaintiff's alleged injuries flow directly from the state administrative proceedings, the Court finds the present suit is a forbidden de facto appeal from a state court decision.  Accordingly, the Court lacks jurisdiction over this action under the *Rooker-Feldman* doctrine as well.").

Even if plaintiff's claims were not barred by Rooker-Feldman, they would be subject to dismissal for the same reasons articulated in my previous screening order.  First, plaintiff has not alleged that any of the named defendants discriminated against her because of her disability.  A viable ADA claim must allege that the plaintiff is disabled within the meaning of the ADA, that she is a qualified individual with a disability, and that she was discriminated against because of her disability.  *See Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999).  The complaint fails to plead these elements.

And, with respect to her RICO allegations, plaintiff has failed to allege the sort of activities that would support a viable claim.  "To state a civil RICO claim, [a plaintiff] must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to [her] 'business or property.'"  *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001) (quoting 18 U.S.C. § 1964(c)).  "Conduct which does not rise to the level of organized criminal activity will not support a finding of a RICO conspiracy."  *Thompson v. City of Bozeman*, CV 18-75-BU-BMM-KLD, 2020 U.S. Dist. LEXIS 88796, *23 (D. Mont. Mar. 3, 2020).  Here, plaintiff's allegations, for all their adornment, ultimately allege that state administrative proceedings were procedurally defective, predicated on false evidence, and incorrectly decided.  Those allegations are serious, but they do not rise to the level of "organized criminal activity."

Given that plaintiff's amended complaint does not remedy the deficiencies of her previous complaint, I now recommend that this action be dismissed. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that repeated failure to cure deficiencies by amendment may weigh in favor of dismissal without leave to amend).

Accordingly, it is RECOMMENDED that:

1. Plaintiff's amended complaint, ECF No. 4, be DISMISSED without leave to amend for failure to state a cognizable claim.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:    March 6, 2026                        _____
                                               JEREMY D. PETERSON
                                               UNITED STATES MAGISTRATE JUDGE

4